UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASKAT SUPUEV, (A#220-769-569),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
CORRECTIONAL FACILITY, et al.,

Respondents.

No.  1:26-cv-02056-DC-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a petitioner for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that petitioner was released by ICE premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. While on release, petitioner materially complied with conditions of release.  He does not have a criminal record and is not subject to a final order of removal.  Considering all of these factors, and consistent with the court's reasoning and ruling in Selis-Tinoco v. Noem, No. 25-cv-01762 DC JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, No. 25-cv-01598 DC SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); and Rahimi v. Wofford, No. 1:26-cv-0520 DC DMC (E.D. Cal. Mar. 18, 2026) (adopting findings and recommendations), the court finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-

1

detention without a hearing to determine if such re-detention was warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for petitioner's motion to proceed pro hac vice (ECF No. 6) is approved.

2. The Pro Hac Vice Attorney is directed to request filing access through PACER.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on count one based on a violation of the Fifth Amendment Due Process Clause.[1]

2. Respondents be ordered to immediately release petitioner from custody with the same conditions he was subject to immediately prior to his detention on March 1, 2026.

3. At the time of his release, respondents be required to return all of petitioner's documents and possessions in their custody and control.

4. Respondents be directed to not re-detain petitioner without providing him notice and a pre-deprivation hearing before an immigration judge where the government has the burden to demonstrate a change in circumstances by clear and convincing evidence.

6. The Clerk is directed to serve the **California City Correctional Facility** with a copy of this Order.

7. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets

---

[1]  In the interests of judicial economy, all remaining claims in the § 2241 petition are not addressed herein.

the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE